IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONALD R. EDWARDS, FB-7757,      )
    Petitioner,      )
                     )
        v.           )   2:15-cv-885
                     )
STEPHEN A. ZAPPALA, et al.,      )
    Respondents.      )

## MEMORANDUM and ORDER

Donald R. Edwards, an inmate at the State Correctional Institution-Fayette has presented a petition for a writ of habeas corpus. Edwards is presently serving a twenty to forty year sentence imposed on August 8, 2002, following his conviction by a jury of third degree murder at No. CP-02-CR-8887-2000 in the Court of Common Pleas of Allegheny County, Pennsylvania. However, this is not Edwards' first federal challenge to his conviction. At 2:10-cv-1481 his federal petition was dismissed at time barred on December 21, 2010 and on March 10, 2011, the Court of Appeals denied a certificate of appealability.

The Antiterrorism and Effective Death Penalty Act, signed into law on April 24, 1996, included several major reforms to the federal habeas corpus laws. As part of this habeas corpus reform, Congress amended 28 U.S.C.§ 2244 to prohibit district courts from entertaining claims presented in a second or successive habeas corpus application unless the appropriate federal court of appeals authorizes such filing. The relevant amended language provides as follows:

(A) Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application.

(B) A motion in the court of appeals for an order authorizing the district court to consider a second or successive application shall be determined by a three-judge panel of the court of appeals.

(C) The court of appeals may authorize the filing of a second or successive application only if it determines that the application makes a prima facie showing that the application satisfies the requirements of this subsection.

(D) The court of appeals shall grant or deny the authorization to file a second or successive application not later than 30 days after the filing of the motion.

(E) The grant or denial of an authorization by a court of appeals to file a second or successive application shall not be appealable and shall not be the subject of a petition for rehearing or for a writ of certiorari.

28 U.S.C. § 2244(b)(3).

Because the instant petition was improperly filed in this court as opposed to the Court of Appeals as required by 28 U.S.C. 2244(b)(3)(A), this Court lacks jurisdiction over it without the authorization of the Court of Appeals, and it will be transferred to the United States Court of Appeals for the Third Circuit pursuant to 28 U.S.C. 1631 for consideration as a successive petition.

An appropriate Order shall be entered.

ORDER

AND NOW, this 13th day of July, 2015, for the reasons set forth in the foregoing

Memorandum, the instant petition is transferred forthwith to the United States Court of Appeals

for the Third Circuit pursuant to 28 U.S.C. § 1631 for consideration as a successive petition.

s/ Robert C. Mitchell,
United States Magistrate Judge